IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **AMNIEST WILLIAMS** as Next friend on behalf of her minor son, M.H., and in their individual capacities, ) ) ) ) | |
| **Plaintiffs,** ) ) | **Jury Demanded** |
| vs. ) ) | **JURY TRIAL DEMANDED** |
| **CAHOKIA UNIT SCHOOL DISTRICT #187, BOARD OF EDUCATION** ) ) ) | |
| **Defendants.** ) | |

## COMPLAINT

Plaintiff Amniest Williams ("Amniest"), individually and on behalf of her minor child, M.H. ("M.H." or "Student") (collectively "Plaintiffs"), through their attorneys, pursuant to Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794 *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq.* for their complaint regarding disability discrimination against Defendant Cahokia Unit School District #187 Board of Education ("District 187") and as well as for an award of monetary damages, attorney's fees and costs, states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1331, 20 U.S.C. § 1415(i)(3), 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 12117(a).

2. This Court has supplemental jurisdiction over this controversy with respect to the IHRA claims pursuant to 28 U.S.C. § 1367.

3. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

4. Venue is properly located in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to this complaint occurred here.

## **PARTIES**

5. Plaintiff M.H. is a five-year-old boy who resides with his mother, Amniest Williams, in Cahokia, Illinois.

6. M.H. has been diagnosed with a Speech and/or Language Impairment.

7. M.H. is an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(1); Section 504, 29 U.S.C. § 705(20)(B); and IHRA, 775 ILCS 5/1-103(Q).

8. M.H. is a student as defined by IHRA, 775 ILCS 5/5A-101(C).

9. District 187 is the governmental unit responsible for administering public education programs, accommodations, and schools within its jurisdiction.

10. District 187 is a public entity and therefore a covered entity under Title II of the ADA, 42 U.S.C. § 12131(1), and its implementing regulations, 28 C.F.R. § 35.104.

11. District 187 receives federal financial assistance and is therefore a covered entity subject to the requirements of Section 504, 29 U.S.C. § 794, and its implementing regulations, 34 C.F.R. Part 104.

12. District 187 is a place of public accommodation as defined by IHRA, 775 ILCS 5/5-101(A)(11).

13. District 187 is an institution of elementary, secondary, or higher education as defined by IHRA, 775 ILCS 5/5A-101(A).

14. Section 504, 29 U.S.C. § 794, and Title II ADA, 42 U.S.C. § 12131 *et seq.*, prohibit public school districts from discriminating against students with disabilities and require schools to provide a free appropriate public education ("FAPE") and reasonable modifications to students with disabilities to ensure equal access to educational programs and services.

15. The President of the Board of Education of District 187 is Marius Jackson, the

Superintendent of District 187 is Curtis McCall Jr. ("McCall Jr."), and its principal place of business is 1700 Jerome Ave., Cahokia, IL 62206.

## FACTUAL BACKGROUND

16. In August 2023, Claimant began attending a District 187 part-time Pre-K program.

17. In May 2023, District 187 found that M.H. was eligible for special education services.

18. M.H. has been diagnosed with a Speech and/or Language Impairment.

19. M.H.'s diagnosis is a mental impairment that substantially limits major life activities, including thinking, learning, and communicating.

20. Because of his disabilities, District 187 began providing accommodations to Claimant in May 2023, such as speech/language therapy.

21. Without this accommodation, Claimant was unable to communicate in an academic environment.

22. M.H. attended District 187's Early Childhood program in a Pre-K class at Maplewood Elementary School during the 2024-2025 school year.

23. In Fall 2024, District 187 terminated M.H.'s speech and language accommodations without notice to Parent.

24. In October 2024, Plaintiff Amniest attended Claimant's parent-teacher conference. A District teacher told Amniest that District stopped accommodating Claimant's disability.

25. Amniest immediately tried to contact District 187 Interim Director of Special Education Kelly Richards to inquire about the cessation of Claimant's accommodations.

26. District 187 never meaningfully replied to Amniest's request, and Claimant remained without the requested accommodations throughout the Fall 2024 semester. Respondent

3

could have reasonably accommodated Claimant without undue financial burden or fundamental alteration of its programs.

27. On June 6, 2025, Plaintiff M.H. timely filed a charge of Discrimination with the Illinois Department of Human Rights.

28. On November 12, 2025, Plaintiff received an amended notice of opt-out of the investigative and administrative process, right of administrative closure, and right to sue from the Illinois Department of Human Rights.

29. District 187 has acted under the color of state law and engaged in the discriminatory and illegal practices described herein deliberately and with deliberate indifference to M.H.'s rights.

30. As a direct and proximate result of District 187's conduct, M.H. has suffered damage, injuries, pain and suffering, inconvenience, emotional distress, and impairment of the quality of life.

### COUNT ONE: VIOLATION OF THE IHRA FOR DISABILITY DISCRIMINATION BY DISTRICT 187 AGAINST M.H.

31. Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs of this Complaint.

32. It is the public policy of the State of Illinois to prevent disability discrimination in elementary, secondary, and higher education.

33. M.H. is a qualified individual with a disability within the meaning of 775 ILCS 5/1-103(I)(1). He has physical and mental impairments that substantially limit major life activities, including communicating and learning.

34. M.H. can access his education with reasonable accommodation.

35. The accommodation requested by Parent did not impose an undue financial or administrative burden or fundamentally alter the nature of District 187's programs.

36. District 187 is an Institution of Elementary, Secondary, or Higher Education as defined by 775 ILCS 5/5A-102(A).

37. Plaintiff is a student as defined by 775 ILCS 5/5A-102(C).

38. District 187 is a place of public accommodation as defined by 775 ILCS 5/5-101(A)(11).

39. In relevant part, 775 ILCS 5/1-102(A) states it is the public policy of this state "[t]o secure for all individuals within Illinois the freedom from discrimination against any individual because of his or her…disability….and the availability of public accommodations."

40. District 187 wrongfully refused to make reasonable accommodations to its special education programs to allow M.H. to fully and safely participate in his education programs.

41. District 187 discriminated against Plaintiff M.H. due to his disability by failing to provide speech therapy accommodations.

42. At all relevant times herein, District 187 had actual knowledge of M.H.'s meaningful exclusion from school and the substantial risk of harm that this created for M.H.

43. District 187 intentionally excluded M.H. from meaningful participation in its instructional programs due to his disabilities. District 187 was deliberately indifferent to M.H.'s unqualified right to meaningful participation in its education programs.

44. By refusing to provide reasonable accommodation to its education programs to allow M.H. to participate meaningfully, District 187 discriminated against M.H. on the basis of his disability in violation of the IHRA.

45. As a proximate result of District 187's conduct, Plaintiff has suffered emotional distress such as pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

46. WHEREFORE, Plaintiff respectfully requests judgment in his favor and against District 187, as follows:

    a. Award Plaintiff such monetary damages as would fully compensate him for his injuries caused by District 187's actions;

    b. Statutory interest;

    c. Pre and postjudgment interest;

    d. Costs and expenses;

    e. Reasonable attorney fees; and

    f. Grant any additional relief as the court deems just and proper.

**COUNT TWO: VIOLATION OF THE IHRA FOR DISCRIMINATION FOR ASSOCIATION WITH AN INDIVIDUAL WITH A DISABILITY, DISCRIMINATION BY DISTRICT 187 AGAINST AMNIEST**

47. Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs of this Complaint.

48. It is the public policy of the State of Illinois to prevent disability discrimination in elementary, secondary, and higher education.

49. M.H. is a qualified individual with a disability within the meaning of 775 ILCS 5/1-103(I)(1). He has physical and mental impairments that substantially limit major life activities, including thinking, communicating, and learning.

50. M.H. can access his education with reasonable accommodation.

51. Amniest is an individual associated with a disability as defined by 775 ILCS 5/1-103(I)(2).

52. District 187 is an Institution of Elementary, Secondary, or Higher Education as defined by 775 ILCS 5/5A-102(A).

53. District 187 is a place of public accommodation as defined by 775 ILCS 5/5-101(A)(11).

54. Plaintiff is a student as defined by 775 ILCS 5/5A-102(C).

55. In relevant part, 775 ILCS 5/1-102(A) states it is the public policy of this state "[t]o secure for all individuals within Illinois the freedom from discrimination against any individual because of his or her…disability….and the availability of public accommodations."

56. In relevant part, 775 ILCS 5/1-103(I)(2) states, "[d]iscrimination based on disability includes unlawful discrimination against an individual because of the individual's association with a person with a disability."

57. District 187 committed a civil rights violation, in violation of 775 ILCS 5/5A-102(A), when it did not take Amniest's concerns regarding her advocacy for M.H. and the denial of his accommodations seriously due to the fact that she is associated with an individual with a disability.

58. At all relevant times herein, District 187 had actual knowledge of M.H.'s meaningful exclusion from school and the substantial risk of harm that this created for M.H.

59. District 187 was deliberately indifferent to Parent's unqualified right to advocate for M.H.'s meaningful participation in its education programs.

60. By refusing to make reasonable accommodations to its education programs to allow Parent to advocate for M.H.'s meaningful participation in education programs, District 187 discriminated against Plaintiff on the basis of her association with an individual with a disability.

61. As a proximate result of District 187's conduct, Plaintiff suffered emotional distress such as pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

62. WHEREFORE, Plaintiff Amniest respectfully requests judgment in her favor and against District 187, as follows:

    a. Award Plaintiff such damages as would fully compensate her for her injuries caused by District 187's actions;

    b. Statutory interest;

    c. Pre and postjudgment interest;

    d. Costs and expenses;

    e. Reasonable attorney fees; and

    f. Grant any additional relief as the court deems just and proper.

## COUNT THREE: SECTION 504 OF THE REHABILITATION ACT

63. Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs of this Complaint.

64. M.H. is a qualified individual with a disability within the meaning of 29 U.S.C. § 794(a). H has physical and mental impairments that substantially limit major life activities, including thinking, communicating, and learning. He meets the essential eligibility requirements for participation in District 187's educational programs.

65. District 187 wrongfully refused to make reasonable accommodations to its education programs to allow M.H. to fully and safely participate in and take advantage of its education programs. The accommodations requested by Parent, including speech therapy accommodations, did not impose an undue financial or administrative burden or fundamentally alter the nature of District 187's programs.

66. At all relevant times herein, District 187 had actual knowledge of M.H.'s meaningful exclusion from accommodations and the substantial risk of harm that this created to

M.H.

67. District 187 was deliberately indifferent to M.H.'s unqualified right to meaningful participation in its special education programs.

68. By refusing to make reasonable accommodations to its special education programs to allow M.H. to participate meaningfully, District 187 discriminated against M.H. on the basis of his disability in violation of Section 504.

69. WHEREFORE, M.H. prays as follows:

   a. Declare District 187's conduct unlawfully discriminated against M.H. and violated Section 504;

   b. Award M.H. such monetary damages as would fully compensate him for his injuries caused by District 187's actions;

   c. Award M.H. reasonable costs, expenses, attorney's fees, and prejudgment interest as permitted by 42 U.S.C. § 1988, and for all costs, expenses, fees, and pre and postjudgment interest associated with bringing this action; and

   d. For such other and further relief as the court deems just and proper.

## COUNT FOUR: VIOLATION OF THE ADA FOR DISABILITY DISCRIMINATION BY DISTRICT 187 AGAINST M.H.

70. Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs of this Complaint.

71. Plaintiff M.H. is, and was at all times pertinent hereto, a qualified individual within the meaning of 42 U.S.C. § 12102(1) in that he has a Speech and/or Language Impairment.

72. Plaintiff M.H.'s Speech and/or Language Impairment is a disability as defined under 42 U.S.C. § 12102(1) as it substantially limits one or more major life activities of Plaintiff;

a record of such an impairment; and/or District 187 perceives him to have a disability.

73. District 187 is a place of public accommodation under the Americans with Disabilities Act.

74. M.H. can access his education with reasonable accommodation.

75. The accommodations requested by Parent on behalf of M.H. did not impose an undue financial or administrative burden or fundamentally alter the nature of District 187's programs.

76. District 187 wrongfully refused to make reasonable accommodations to its special education programs to allow M.H. to fully and safely participate in his education programs.

77. At all relevant times herein, District 187 had actual knowledge of M.H.'s meaningful exclusion from school and the substantial risk of harm that this created for M.H.

78. District 187 intentionally excluded M.H. from meaningful participation in its instructional programs due to his disabilities. District 187 was deliberately indifferent to M.H.'s unqualified right to meaningful participation in its education programs.

79. By refusing to make reasonable accommodations to its special education programs to allow M.H. to participate meaningfully, District 187 discriminated against M.H. on the basis of his disability in violation of the Americans with Disabilities Act.

80. District 187 retaliated against M.H. in violation of the ADA because he exhibited symptoms of his disability.

81. As a proximate result of District 187's conduct, Plaintiff has suffered emotional distress such as pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

82. WHEREFORE, Plaintiff respectfully requests judgment in his favor and against

District 187, as follows:

    a. Award Plaintiff such damages as would fully compensate him for his injuries caused by District 187's actions;

    b. Punitive damages;

    c. Statutory interest;

    d. Pre and postjudgment interest;

    e. Costs and expenses;

    f. Reasonable attorney fees; and

    g. Grant any additional relief as the court deems just and proper.

### COUNT FIVE: VIOLATION OF THE ADA FOR ASSOCIATION WITH AN INDIVIDUAL WITH A DISABILITY DISCRIMINATION BY DISTRICT 187 AGAINST AMNIEST

83. Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs of this Complaint.

84. Plaintiff M.H. is, and was at all times pertinent hereto, a qualified individual within the meaning of 42 U.S.C. § 12102(1) in that he has a Speech and/or Language Impairment.

85. Plaintiff M.H.'s Speech and/or Language Impairment is a disability as defined under 42 U.S.C. § 12102(1) as it substantially limits one or more major life activities of Plaintiff; a record of such an impairment; and/or District 187 perceives him to have a disability.

86. Parent is associated with M.H., who District 187 knows has a disability.

87. District 187 is a place of public accommodation under the Americans with Disabilities Act.

88. Pursuant to the ADA, it is discriminatory to exclude or otherwise deny accommodations or opportunities to an individual or entity because of the known disability of an

individual with whom the individual or entity is known to have a relationship or association.

89. M.H. can access his education with reasonable accommodations.

90. The accommodations requested by Parent on behalf of M.H. did not impose an undue financial or administrative burden or fundamentally alter the nature of District 187's programs.

91. District 187 committed a civil rights violation, in violation of the ADA, when it did not take Amniest's concerns regarding her advocacy for M.H. and the denial of his accommodations seriously due to the fact that she is associated with an individual with a disability.

92. At all relevant times herein, District 187 had actual knowledge of M.H.'s meaningful exclusion from school and the substantial risk of harm that this created for M.H.

93. District 187 was deliberately indifferent to Parent's unqualified right to advocate for M.H.'s meaningful participation in its education programs.

94. By refusing to make reasonable accommodations to its education programs to allow Amniest to advocate for M.H.'s meaningful participation in education programs, District 187 discriminated against Amniest on the basis of her association with an individual with a disability.

95. District 187 retaliated against Parent in violation of the ADA because of her association with an individual with a disability and because of her advocacy for her son, who has a disability.

96. As a proximate result of District 187's conduct, Plaintiffs suffered emotional distress such as pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

97. WHEREFORE, Plaintiff respectfully requests judgment in their favor and against District 187, as follows:

    a.  Award Plaintiff such damages as would fully compensate him for his injuries caused by District 187's actions;

    b.  Punitive damages;

    c.  Pre and postjudgment interest;

    d.  Statutory interest;

    e.  Costs and expenses;

    f.  Reasonable attorney fees; and

    g.  Grant any additional relief as the court deems just and proper.

## COUNT SIX: VIOLATION OF THE ILLINOIS CIVIL RIGHTS REMEDIES RESTORATION ACT

98.    Plaintiffs incorporate the allegations listed above by reference.

99.    Plaintiff M.H. is an individual entitled to protection under the Americans with Disabilities Act.

100.    Plaintiff M.H. is an individual entitled to protection pursuant to 775 ILCS 60/15.

101.    Defendant's above-mentioned actions are violations of Plaintiff's Civil Rights, as defined under 775 ILCS 60/15.

102.    WHEREFORE, Plaintiffs pray that this Court enter an ORDER:

    a.  Declaring Defendant's actions constitute civil rights violations under 775 ILCS 60/5.

    b.  Awarding Plaintiff M.H. such damages as would fully compensate him for his injuries caused by Defendant's civil rights violations, including compensatory and punitive damages, emotional pain and suffering, and other nonmonetary losses that may be determined by a jury or a court sitting without a jury, but in no case less than $4,000;

  c. Awarding Plaintiff M.H. his costs, expenses, and attorney's fees; and

  d. Granting any additional relief as the Court deems just and proper

## JURY DEMAND

Pursuant to Rule 28 of the Federal Rules of Civil Procedure, Plaintiffs respectfully request a trial by jury of all issues triable by a jury.

Dated: February 6, 2026

            Respectfully submitted,

            */s/ Sarah Jane Hunt*
            Sarah Jane Hunt
            KENNEDY HUNT, P.C.
            4500 W Pine Blvd
            St. Louis, MO 63108
            Tel: (314) 872-9041
            Fax: (314) 872-9043
            sarahjane@kennedyhuntlaw.com